NUMBER 13-02-716-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI





IN RE: DONALD A. LAWSON AND AMY L. LAWSON





On Petition for Writ of Mandamus

 




MEMORANDUM OPINION ON MOTION FOR REHEARING

 Before Justices Yañez, Castillo, and Garza

Opinion by Justice Castillo




 On January 7, 2003, we issued an order setting for submission and oral argument the petition for mandamus filed by
Relators, Donald A. Lawson and Amy L. Lawson, Individually and as Natural Guardians of Laney Cierra Lawson and Seth
Aaron Lawson (the "Lawson Relators"). On February 14, 2003, by per curiam order we sua sponte vacated our January 7,
2003 order and denied as moot the petition for mandamus filed by the Lawson Relators. The Lawson Relators seek a
rehearing of our February 14, 2003 order. We deny the motion for rehearing. 

 The Lawson Relators challenge an order compelling arbitration in part and denying arbitration in part signed by the
Honorable Martha Huerta. We denied the petition because another judge had succeeded the original respondent judge, and
the record did not reflect that the matter had been presented to the successor judge for reconsideration. At the same time,
for the same reasons, and in the same opinion, we vacated our prior order setting submission and oral argument in cause
No. 13-03-004-CV and also denied as moot the petition for mandamus filed by Palm Harbor Homes, Inc. and Palm Harbor
Homes I, L.P. (the "Palm Harbor Relators"). The Palm Harbor Relators challenged the same order signed by the same
respondent judge. 

 Neither the Lawson Relators nor the Palm Harbor Relators informed this Court that the respondent judge had left office. 
Nor did the Lawson Relators or the Palm Harbor Relators seek abatement under rule 7.2 of the rules of appellate procedure
to allow the successor judge to reconsider the original judge's order. SeeTex. R. App. P. 7.2(b). Accordingly, we dismissed
both petitions as moot. Now, in a motion for rehearing, the Lawson Relators seek abatement of their original proceeding
under rule 7.2(b). Id. They concede that our denial of the Palm Harbor Relators' petition is correct in that it was moot
when filed three days after the respondent judge left office. 

 The Lawson Relators do not address what effect, if any, withdrawal of our February 14, 2003 order and entry of an
abatement order only in this cause would have on our prior stay order issued December 19, 2002, effective during the
pendency of both original proceedings before this Court. They informed this Court that their reconsideration motion is to
be set before the successor judge on March 27, 2003. Further, the Palm Harbor Relators have not filed a motion for
rehearing or a motion to extend time for filing a motion for rehearing of our February 14, 2003 order denying their petition. 

 Under these circumstances, we do not find it "appropriate" for the successor judge to be substituted automatically for the
original respondent judge in this cause. Tex. R. App. P. 7.2(a). Reconsideration of both challenges to the original judge's
order should proceed before the successor judge, followed by petitions for relief by either or both parties as they deem
necessary. Therefore, in the interest of judicial economy and for good cause, we suspend operation of rule 7.2(b) to the
extent abatement of this cause may be mandatory. Tex. R. App. P. 2; see In re Schwartz, No. 01-02-00052-CV, 2002 Tex.
App. LEXIS 1550, at *2 n.3 (Tex. App.-Houston [1st Dist.] February 22, 2002, orig. proceeding) (per curiam) (not
designated for publication) (citing Tex. R. App. P. 7.2(b)). We deny the Lawson Relators' motion for rehearing. 

ERRLINDA CASTILLO

Justice





Opinion delivered and filed

this 27th day of March, 2003.